Helen BLACK, Plaintiff,

v.

Casper WEINBERGER, Secretary of Health, Education, and Welfare, Defendant.

No. 75 Civ. 1853.

United States District Court, S. D. New York.

June 16, 1976.

Lillian R. Bassman, New York City, for plaintiff.

Robert B. Fiske, Jr., U.S. Atty., S.D.N.Y., New York City, for defendant; Daniel J. Pykett, Richard J. McCarthy, Asst. U.S. Attys., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff brought this action pursuant to section 205(g) of the Social Security Act [1] for judicial review of a final decision of the Secretary of Health, Education, and Welfare granting her wife's insurance benefits as the spouse of wage-earner Morris Black, but in less than the full amount because of benefits being paid to stepchildren of Mr. Black. Defendant moves for judgment on the pleadings under Rule 12(c) and plaintiff cross-moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The only issue before this court is whether the Secretary's determination that the children involved were "stepchildren" of Morris Black within the terms of the Act and thus entitled to child's insurance benefits is supported by substantial evidence upon the record as a whole.[2]

Under section 216(e)[3] of the Act, the term "stepchild" is defined for the purpose of distributing child's insurance benefits so that:

a person who is not the stepchild of an individual shall be deemed the stepchild of such individual if . . . such individual and the mother . . . of such person went through a marriage ceremony resulting in a purported marriage between them which, but for a legal impediment described in the last sentence of subsection (h)(1)(B) of this section, would have been a valid marriage.

Further, subsection (h)(1)(B) of section 216 [4] provides that:

[f]or purposes of this subparagraph, a legal impediment to the validity of a purported marriage includes only an impediment (i) resulting from the lack of dissolution of a previous marriage or otherwise arising out of such previous marriage or its dissolution or (ii) resulting from a defect in the procedure followed in connection with such purported marriage.

Morris Black married plaintiff in 1933, from whom he obtained a Mexican divorce in 1969 in a suit commenced by him in which she did not appear. Both were then residents of New York State, where the divorce was not recognized for lack of personal or authorized appearance of the parties. Morris Black subsequently applied for and was granted a license in Jersey City, New Jersey to marry Marilyn Rosner, and they were married there by a judge of the Municipal Court.

Marilyn Rosner testified at the hearing that at the time of the ceremony she presented to the licensing official papers that she had received from her former husband which she believed showed that he had legally divorced her in Mexico; she also testified that after she received these papers her former husband had remarried. Following the marriage ceremony in Jersey City, Mr. Black and Marilyn Rosner returned to New York, where they lived with three of Marilyn's children by her former husband.

 Mr. Black filed for and was granted retirement insurance benefits in 1970; he also filed an application for child's insurance benefits on behalf of the three Rosner children as his stepchildren, which was granted in 1971. When plaintiff applied for and was granted wife's insurance benefits in 1972, she challenged the children's entitlement to their benefits and requested a hearing on the question of whether the

1. 42 U.S.C. § 405(g).

2. 42 U.S.C. § 405(g).

3. 42 U.S.C. § 416(e).

4. 42 U.S.C. § 416(h)(1)(B).

children were "stepchildren" of Mr. Black for purposes of the Act. The Hearing Examiner who considered the case de novo in November 1974 viewed the issue as one of Marilyn Rosner's good faith belief upon entering the purported marriage that there was no legal impediment to a valid marriage. He found that although Marilyn Rosner knew that her marriage was invalid in New York, she was "unaware such impediment precluded a lawful marriage in the State of New Jersey" and that she "believed the marriage to be valid." The element of good faith is abundantly established by the fact of the issuance of the marriage license by the officials in Jersey City and the marriage of the Blacks by a judge of the Municipal Court. This gave her every reason to believe in good faith that she was contracting a valid marriage and that there was no legal impediment to her marriage to Black in New Jersey, even though New York may not have recognized it as such. There is substantial evidence in the record to support this conclusion, especially since the credibility to be given testimony of witnesses is a matter for the Hearing Examiner and not for this court.[5]

However, even assuming that the Hearing Examiner was incorrect in finding good faith on Marilyn Rosner's part, his finding that:

the children of Marilyn Black by her former marriage are deemed the stepchildren of Morris Black and entitled to child's benefits under the Social Security Act, as amended

would still be supported by substantial evidence and must be upheld by this court.

■ Mr. Black and Marilyn Rosner "went through a marriage ceremony resulting in a purported marriage" which would have been valid but for a legal impediment "resulting from the lack of dissolution of [her] previous marriage." According to the recent Court of Appeals decision in *Eisenhauer v. Mathews*,[6] this is sufficient to deem the children of Marilyn Rosner to be the stepchildren of Mr. Black under section 216(e)[7] of the Act. The court in that case rejected the argument that section 216(e) "implicitly requires the ceremonial marriage [to have been] entered in good faith," on the ground that any analogy to the good faith requirement expressly stated under the spousal benefit eligibility section[8] is not in accord with the purposes of the Act:

As we have noted, the Social Security Act is to be accorded a liberal application in consonance with its remedial and humanitarian aims. . . . Were we to adopt the restrictive construction of section 216(e) . . . children who are innocent of any lack of good faith on the part of the parent would be disentitled to benefits regardless of their dependency upon the insured. Such a result runs counter to the principles which govern our interpretation of the Act and the language of the statute.

Thus good faith is not an issue in determining whether a child is to be deemed a stepchild of the wage-earner under the Act.

■ Plaintiff does not dispute that the three Rosner children receiving benefits were living with Mr. Black.[9] Accordingly, this court concludes that there was substantial evidence upon the record as a whole to support the Secretary's determination that the Rosner children living with Mr. Black were entitled to receive child's insurance benefits as his stepchildren, thus reducing the amount paid to plaintiff as Mr. Black's wife.

Defendant's motion for judgment on the pleadings is granted.

5. *Mann v. Richardson*, 323 F.Supp. 175, 179 (S.D.N.Y.1971); *Selig v. Richardson*, 379 F.Supp. 594, 598 (E.D.N.Y.1974); *Johnson v. Richardson*, 336 F.Supp. 390, 394 (E.D.Pa. 1971).

6. 535 F.2d 681 (2d Cir., 1976).

7. 42 U.S.C. § 416(e).

8. 42 U.S.C. § 416(h)(1)(B).

9. A child can receive benefits only if he is deemed "dependent" upon his stepfather either because he is "living with or . . . receiving at least one-half of his support from such stepfather." 42 U.S.C. § 402(d)(4).